UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK L. MARTIN, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:24-cv-00793-SEB-TAB |
| | ) |
| CLARENCE BRIDGES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Mark Martin has brought this lawsuit alleging violations of his civil rights while a prisoner at New Castle Correctional Facility. The Court screened Mr. Martin's complaint pursuant to 28 U.S.C. § 1915A and issued process to the defendants, and, while they have waived service, they have not yet answered. Dkt. 18.

Mr. Martin has sought leave to amend his complaint to add another plaintiff to the action. His motion to amend, dkt. [33], is **granted**. Defendants are relieved of any obligation to answer the original complaint.

The **clerk is directed** to docket the proposed amended complaint (consisting of dkt. [33-1], p. 3, and dkt. [33-2], pp. 1–16) as the amended complaint. The **clerk is also directed** to **add** Cody Fyock as a plaintiff on the docket.

The Federal Rules of Civil Procedure allow multiple plaintiffs to join together in a single lawsuit under certain circumstances. *See* Fed. R. Civ. P. 20. Doing so, however, is not always a wise choice. The Seventh Circuit has identified several litigation risks when prisoners join together as plaintiffs in a civil rights action:

- If the action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, every plaintiff will incur a "strike" under 28 U.S.C. § 1915(g). This may limit the plaintiff from bringing future actions in federal court.
- If the plaintiffs engage in conduct sanctionable under Federal Rule of Civil Procedure 11, each individual plaintiff may be exposed to sanctions.
- If the plaintiffs are proceeding *in forma pauperis*, each of them will be obligated to pay the full filing fee.

*See Boriboune v. Berge*, 391 F.3d 852, 855−56 (7th Cir. 2004).

When plaintiffs are prisoners, the Court is required to screen the amended complaint under 28 U.S.C. § 1915A. In doing so, the Court considers whether the plaintiffs' claims may proceed in the same lawsuit or must be severed into separate lawsuits. *See* Fed. R. Civ. P. 20(a)(1). Here, if severance is necessary, Mr. Fyock will be required to prosecute his claims in a separate action.

Further, because neither plaintiff is an attorney, neither may represent the other. *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (non-lawyer has no authority to appear as legal representative of another party). Thus, neither may file motions or other papers on behalf of the other. Thus, any document intended to be submitted on behalf of both plaintiffs must be signed by both.

Given these considerations, any plaintiff who no longer wishes to proceed jointly must file a written statement **by February 14, 2025**, withdrawing his claims.

Mr. Fyock's motion for leave to proceed *in forma pauperis*, dkt. [33-2] at 17–19, is **denied as submitted**. Mr. Fyock is granted additional time **up to February 14, 2025**, to pay the $405.00 filing fee or to file a renewed motion supported by a statement of his inmate trust account transactions reflecting his balances and deposits during the six months preceding the filing of complaint. 28 U.S.C. § 1915(a)(2).

The **clerk is directed** to redocket Mr. Martin's most recently filed motion for preliminary injunction, dkt. [33-2] at 20–25, as a standalone motion. Mr. Martin's original motion for preliminary injunction, dkt. [3], is **denied as moot** in view of his subsequently filed motion.

Following the plaintiff's' return of their affirmations and Mr. Fyock's compliance with the filing fee procedures, the amended complaint will be screened, and—if it is legally sufficient—the defendants will be directed to answer or otherwise respond to the amended complaint and the motion for preliminary injunction.

In conclusion:

- The motion to amend, dkt. [33], is **granted**.

- The defendants' obligation to answer the original complaint is set aside.

- The **clerk is directed** to:

    - docket the proposed amended complaint (consisting of dkt. [33-1], p. 3, and dkt. [33-2], pp. 1–16) as the amended complaint.

    - **add** Cody Fyock as a plaintiff on the docket.

    - redocket Mr. Martin's motion for preliminary injunction, dkt. [33-2] at 20–25, as a standalone motion for preliminary injunction.

- Any plaintiff who no longer wishes to proceed jointly must file a written statement **by February 14, 2025**, withdrawing his claims.

- Mr. Fyock's motion for leave to proceed *in forma pauperis*, dkt. [33-2] at 17–19, is **denied as presented**. Mr. Fyock has **through February 14, 2025**, to pay the $405.00 filing fee or file a renewed motion supported by a statement of his inmate trust account transactions for the six months preceding the filing of complaint. 28 U.S.C. § 1915(a)(2).

- Mr. Martin's original motion for preliminary injunction, dkt. [3], is **denied as moot** in view of his subsequently filed motion.

**IT IS SO ORDERED.**

Date: 1/16/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK L. MARTIN, II
967228
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

CODY FYOCK
238613
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com